UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

ARMANDO HERNANDEZ and all
others similarly situated,
    Plaintiff,

vs.

ARC ONE PROTECTIVE SERVICES
LLC, CHANCE RAMOS, AND
AUSTIN WALLACE,
    Defendants.
_____/

**COMPLAINT FOR FLSA WAGE VIOLATIONS AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, ARMANDO HERNANDEZ on behalf of herself and all others similarly situated, sues the Defendants, ARC ONE PROTECTIVE SERVICES LLC, CHANCE RAMOS, and AUSTIN WALLACE, based on the following good cause:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, HUMBERTO RUMATOR, is over the age of 18 years old and is a sui juris resident of Miami-Dade County, Florida, at all times material hereto.

2. Defendant, ARC One Protective Services LLC., is a sui juris Florida for-profit limited liability company business with its principal place of business and registered agent in, Florida.

3. Defendant, Chance Ramos, was and is the owner and operator of the corporate Defendant for the relevant time period. Defendant runs the day-to-day operations of the corporate Defendant and was responsible for paying Plaintiff's wages at all times material.

4. Defendant, Austin Wallace, was and is the owner and operator of the corporate Defendant for the relevant time period. Defendant runs the day-to-day operations of the corporate Defendant and was responsible for paying Plaintiff's wages at all times material.

5. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked as a security officer at several locations in Miami-Dade County and is due overtime payment for wages earned for work performed in Miami Dade County.

7. This is an action to recover monetary damages, liquidated damages, interest, costs and attorney's fees for willful violations of overtime and minimum wage pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("the FLSA").

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

9. Plaintiff bring this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., (hereinafter "Act" or "FLSA") to recover overtime, and an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

10. Defendant, Arc One Protective Services was, during all times mentioned, an enterprise engaged in commerce as defined in Section 3( r) of the Act, 29 U.S.C. §203(r) and 203(s).

11. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto and is expected to be for the current year in excess of $500,000 per annum.

## FACTUAL ALLEGATIONS

12. Plaintiff has been employed by Defendants since November 2021 as a security guard providing services at Covid-19 testing cites in Miami-Dade.

13. Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

14. Plaintiff is not an exempt employee.

15. Plaintiff does not possess any supervisory authority, and does not oversee any employees and does not poses an advanced degree.

16. Defendant controlled Plaintiff's work hours, work location, and duties to be performed.

17. Defendants have at all times material hereto engaged in interstate commerce as they provide protective services through the State of Florida and other Texas including but not limited to Texas.

18. Defendant, ARC One, engages in interstate commerce by virtue of the fact that its business affects interstate commerce because the materials and goods the Plaintiff used on a constant basis moved through interstate commerce. Plaintiff also used, handled and worked with materials and goods that moved in interstate commerce which include but may not be limited to; vehicles, uniforms, firearms, badges, telephone, etc.

19. Further, ARC One regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce and as such, Defendant is an enterprise covered by the FLSA.

20. In addition, Defendants' annual gross revenues are believed to be in excess of $500,000.00 for the relevant time period.

21. Defendants hired Plaintiff as an hourly security officer to perform security guard services at Covid-19 testing locations.

22. Defendants paid Plaintiff $18.00 per hour.

23. Plaintiff's work for Defendants did not require a license or advanced degree.

24. During all time periods material hereto, Defendants supervised Plaintiff's work and ordered Plaintiff where and when to work and how to perform his job. Defendants also created Plaintiff's schedule and required her to wear a uniform.

## COUNT I

### FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 207

25. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 24 as though set forth fully herein.

26. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

27. During all time periods material hereto, Plaintiff was a non-exempt, hourly employee.

28. Plaintiff works an average of 72 hours per week.

29. Plaintiff performed and continues to perform work for Defendants during his employment for which he should have received time-and-one-half his regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

30. Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for all hours of work performed over forty (40).

31. Plaintiff therefore claims the applicable federal overtime wage rate for each hour worked in excess of forty (40) per week during her employment for which she was not properly compensated.

32. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

33. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

34. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, HUMBERTO RUMAYOR, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, RC One Protective Services LLC, Chance Ramos, and Austin Wallace, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## COUNT II– UNJUST ENRICHMENT

35. Plaintiff reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

36. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by him.

37. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendants during his employment.

38. Plaintiff provided services on behalf of Defendants for their business, as requested, they submitted time expended by Plaintiff in order to be paid, and they received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

39. Defendants were unjustly enriched in that they failed and refused to make overtime payment to Plaintiff for the benefits he conferred upon them during his employment.

WHEREFORE Plaintiff, ARMANDO HERNANDEZ, respectfully requests that his Honorable Court enter judgment in his favor and against Defendants, ARC One Protective

Services LLC, Chance Ramos, and Austin Wallace jointly and severally, after trial by jury, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on June 08, 2022,

        **Angulo Diaz Law Group, P.A.**
        780 NW 42 Avenue
        Ste 426
        Miami, Florida  33126
        (305) 468-9564 - Telephone
        Email: service@angulodiazlaw.com

        By:  /s/Yelina Angulo
        Yelina Angulo, Esq.
        Florida Bar No.: 111339